# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LUIS LOPEZ-IRIARTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-240-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Luis Lopez-Iriarte's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed February 8, 2010. [ECF No. 1] Because the Court concludes that Petitioner's allegations are inadequate on their face and contradicted by the record, this matter will be decided without an evidentiary hearing. See Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (citing Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)).

**I. Background**

Lopez-Iriarte was charged in a one-count indictment with conspiracy to possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. On September 2, 2008, Lopez-Iriarte pleaded guilty to the charge and was represented by counsel Theodore E. Liszewski. (Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement"), 4:07CR762HEA, Doc. No. 3-2, p. 1) In exchange, the Government agreed that no further federal prosecution would be brought in this District relative to Lopez-Iriarte's drug-trafficking activities with his codefendants on November 1, 2007. (Id., p.

1

2)

As part of the Plea Agreement, Lopez-Iriarte agreed his Base Offense Level should be 32 pursuant to Section 2D1.1(c)(4) of the Guidelines Manual because the quantity of cocaine for which he was accountable was more than 5 kilograms and less than 15 kilograms. (Id., p. 6) He further agreed he should receive a reduction of two levels pursuant to Section 3E1.1(a) based on his timely acceptance of responsibility, and one additional level pursuant to Section 3E1.1(b) based on his timely notification of his intention to enter a plea of guilty. (Id., pp. 6-7) The result was a Total Offense Level of 27 if he qualified for consideration under Section 5C1.2 of the Sentencing Guidelines (the "Safety Valve") and 29 if it did not. (Id., p. 8) However, the parties acknowledged in the written Plea Agreement that Lopez-Iriarte was subject to a mandatory minimum sentence of 120 months pursuant to the statute under which he was charged. (Id., p. 8) The parties also agreed that Lopez-Iriarte's Criminal History Category would be determined by the sentencing court after review of the Presentence Report. (Id., p. 8)

Both parties agreed to waive their right to appeal the sentence imposed in the event the Court accepted the Plea Agreement and sentenced Lopez-Iriarte accordingly. (Id., p. 3) The parties agreed as follows:

> (1) **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.
>
> (a) **Non-Sentencing Issues**: In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to, any issues

relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.

(b) **Sentencing Issues**: In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, the Criminal History Category, and Career Offender status.

(2) **Habeas Corpus**: The defendant acknowledges being guilty of the crime to which a plea is being entered, and further states that neither defense counsel nor the government has made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(Id., pp. 3-4)

On December 1, 2008, Lopez-Iriarte appeared before the Honorable Henry E. Autrey for sentencing. At that time, Lopez-Iriarte orally objected to his Criminal History Category, which was a 3. (Sentencing Hearing Transcript ("Sentencing Tr."), Doc. No. 3-3, 3:6-23) After addressing and then overruling the objection, the Court adopted the Presentence Report's

findings of fact and concluded that the Total Offense Level applicable to Lopez-Iriarte was 29 and the appropriate Criminal History category was 3. (Id., 4:4-12) The Court announced that the guideline sentencing range was 120 to 135 months in view of the statutory mandatory minimum. (Id.) The Court then sentenced Lopez-Iriarte to the minimum term of imprisonment permitted under the statute, 120 months. (Id., 12:6-13)

Notwithstanding his written agreement to waive his right to appeal, Lopez-Iriarte filed a Notice of Appeal on December 11, 2008. The Government objected based on his waiver of appeal and the Eighth Circuit dismissed Lopez-Iriarte's appeal in Case 09-1024 on March 10, 2009.

Lopez-Iriarte filed this Section 2255 motion on February 8, 2010, claiming he received ineffective assistance of counsel, in that his trial counsel misinformed him about the sentence he would receive following his guilty plea. (Motion to Vacate ("Motion"), Doc. No. 1, pp. 9-11) The Government filed a response on April 7, 2010. (Government's Response to Movant's Motion ("Response"), Doc. No. 3) On April 27, 2010, Lopez-Iriarte filed a "Rebuttal to Government's Response to Movant's Motion to Vacate, Set Aside, or Correct Sentence." (Doc. No. 4) In that pleading, he asserted a new ground for relief based on the recent Supreme Court decision of Padilla v. Kentucky, 130 S.Ct. 1473 (2010), i.e., that his trial counsel was ineffective for failing to inform him of the potential for deportation upon conviction. On February 8, 2013, the Court directed the Government to respond to this particular claim. The Government filed its response on February 26, 2013. (Doc. No. 18) On March 1, 2013, Lopez-Iriarte filed his Supplemental Brief and Memorandum of Law. (Doc. No. 20) Then, on March 18, 2013, Lopez-Iriarte filed a "Motion Requesting for Extension of Time to Reply Government's Response."

4

(Doc. No. 21) Although captioned as a motion for extension of time, the Court construes Lopez-Iriarte's filing as a request to supplement his reply to the Government's response. The Court will grant Lopez-Iriarte's request to supplement; however, to the extent he is requesting additional time, that request will be denied.

**II. Standard of Review**

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. United States, 2008 WL 4948454, at *3 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).

"A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." Nichols v. United States, 260 Fed. Appx. 946, 948 (8th Cir. 2008) (citing 28 U.S.C. § 2255). A movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle him to relief." Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (citing Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court, however, may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Marquez v. United States, 2008 WL 4642859, at *2 E.D. Mo. Oct. 17, 2008) (citing Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994)

5

(citation omitted)).

The entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989). The Eighth Circuit has enforced a defendant's plea agreement promise to waive his right to appeal, or challenge via a post-conviction writ of habeas corpus, the district court's entry of judgment and imposition of sentence. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (citing United States v. His Law, 85 F.3d 379 (8th Cir. 1996)). The court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." DeRoo, 223 F.3d at 923. "When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made." Lumpkins v. United States, 2008 WL 3890407, at *4 (E.D. Mo. Aug. 19, 2008).

**III. Discussion**

**A. Ineffective Assistance of Counsel**

For an ineffective assistance of counsel claim under § 2255, "a movant faces a heavy burden." Equere, 2008 WL 4948454, at *3 (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. Equere, 2008 WL 4948454, at *3 (citing McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir.2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). When evaluating counsel's performance, "[a] court must indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Prejudice is shown if there is a reasonable probability that, but for counsel's errors, the movant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). See also, Fields v. United States, 201 F.3d 1025, 1027 (8th Cir.2000). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under § 2255. Apfel, 97 F.3d at 1077.

Lopez-Iriarte asserts he received ineffective assistance of counsel because his attorney, Theodore E. Liszewski, misinformed him about the sentence he would receive following his guilty plea. Specifically, Lopez-Iriarte contends his plea and waiver was not knowing and voluntary because he was promised a seventy month sentence, but received a sentence of 120 months. Lopez-Iriarte claims he did not understand the consequences of his guilty plea and that if his counsel had "properly advised him that he would be facing a 120 months [sic] sentence because his prior [sic], he would have insisted on going to trial." (Motion, p. 13) The record in this case refutes his claims and demonstrates that he was fully informed and knowingly and voluntarily pleaded guilty.

At the plea hearing, Lopez-Iriarte testified he had enough time with Liszewski and was satisfied with the advice he had been given. (Plea Hearing Transcript ("Plea Tr."), Doc. No. 3-4, 5:7-7:14) Lopez-Iriarte stated that he understood that whatever sentence he received was entirely up to the Court. (Id., 10:13-15) Lopez-Iriarte further stated that he and his attorney had gone over the indictment the previous day, that he understood it, and had no questions about it. He stated he understood the range of punishment and the minimum and maximum sentences he could receive and that he had discussed all of these issues with his attorney. (Id., 11:3-21)

Lopez-Iriarte testified that he understood everything in the Plea Agreement, no one had promised him anything or forced him to plead guilty, and he was pleading guilty of his own free will. (Id., 11:6-13:7) The Court asked Lopez-Iriarte whether anyone had given him a prediction or promise as to exactly what his sentence was going to be. Lopez-Iriarte replied, "Seventy months and depending on what the judge decides." (Id., 15:14-24) The Court explained that the key point of Lopez-Iriarte's statement was, "depending on what I decide, . . . meaning it's all up to me." (Id., 15:25-16:2) Lopez-Iriarte indicated that he understood. (Id., 16:3) The Court said, "And again knowing that it is all up to me, do you still want to go ahead with your plea of guilty here today?" Lopez-Iriarte replied, "Yes." (Id., 16:4-7) Finally, Lopez-Iriarte agreed that the stipulated facts were true and accurate and pled guilty to the charge. (Id., 22:1-23:13)

At the sentencing hearing, Lopez-Iriarte addressed the Court and stated that his counsel told him he was going to get seventy to eighty months. " . . . and now he's come up with 10 years. I would like to appeal that decision, but he tells me that there's nothing to be done. So I think that the communication problem is with my lawyer. And I haven't seen him all year. And

I call, I call him, and he doesn't answer, and I send faxes and get no reply." (Sentencing Tr., 5:24-6:17) The Court reminded Lopez-Iriarte of the questions the Court had asked him at the time of his change of plea. (Id., 6:18-8:8) Lopez-Iriarte responded that he was "offered four years, so he signed for 70 months." "That was the offer I was given, so therefore, I pleaded guilty." (Id., 8:23-9:1) Judge Autrey opined that Lopez-Iriarte may have expected a lesser sentence because the possibility of the Safety Valve had been discussed, with a resultant sentence of 70 to 87 months had he qualified. (Id., 9:12 -10:23) Lopez-Iriarte did not, however, qualify for the Safety Valve because his Criminal History Category was 3, and not because of any position taken by the Government on whether he satisfied Subsection (5) of the Safety Valve provision. (Government's Response, Doc. No. 3, p. 10)

By entering a plea of guilty, a defendant waives his right to request relief under 28 U.S.C. § 2255, with the exception of those issues related to jurisdiction only. Campbell v. United States, 2011 WL 5102243, at *6 (E.D.Mo. Oct. 27, 2011) (citing Hill v. United States, 928 F.2d 303 (8th Cir.1991); United States v. Stewart, 972 F.2d 216, 217–18 (8th Cir.1992); Smith v. United States, 876 F.2d 655, 657 (8th Cir.1989)). The focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea. Campbell, 2011 WL 5102243, at *6 (citing Bass v. United States, 739 F.2d 405, 406 (8th Cir.1984)). A guilty plea operates as a break in the chain of events of the criminal process. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Once a criminal defendant solemnly professes his guilt before the court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Only the voluntary and intelligent character of the guilty plea may be attacked. Id. Although the Tollett decision

concerned state prisoner habeas corpus petitions, the Eighth Circuit adopted and applied its rationale to motions under Section 2255. Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984).

At the plea hearing, Lopez-Iriarte acknowledged his plea was voluntary and that no one had forced him to plead guilty. Likewise, he admitted to the factual basis of the crime of conspiracy to possess with the intent to distribute cocaine. The record demonstrates he was fully informed of the consequences of his plea, including the ten-year mandatory minimum sentence. Only if he had qualified for the Safety Valve could his sentence have been less than ten years. As discussed above, he did not qualify for the Safety Valve because of his Criminal History Category. Based on these facts, Lopez-Iriarte cannot claim he was prejudiced by ineffective assistance of counsel.

**B**. **Immigration issue**

In his "Rebuttal to Government's Response to Movant's Motion to Vacate, Set Aside, or Correct Sentence" (Doc. No. 4, pp. 4-11), Lopez-Iriarte argues Liszewski was ineffective for failing to inform him of the potential for deportation upon conviction, relying upon Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473 (2010). Lopez-Iriarte filed a Motion for Traverse (Doc. No. 13), which the Court construed as a request to present additional evidence outside the record of for evidentiary hearing on this issue.

In Padilla, the Supreme Court held that when advising a criminal defendant about the consequences of pleading guilty, "counsel must inform her client whether his plea carries a risk of deportation," and that failure to do so is subject to analysis under Strickland, 466 U.S. at 668, 130 S.Ct. at 1482. Padilla does not, however, afford Lopez-Iriarte any relief because it

does not apply retroactively to cases already final on direct review. See Chaidez v. United States, 133 S.Ct. 1103 (2013).

Here, Lopez-Iriarte pled guilty to one count of conspiracy to distribute over five kilograms of cocaine on September 2, 2008. On December 1, 2008, he was sentenced to a term of 120 months imprisonment. Thereafter, Lopez-Iriarte filed an appeal with the Eighth Circuit Court of Appeals. On February 17, 2009, the Eighth Circuit dismissed the appeal on the Government's motion based on the appeal waiver contained in the parties' Plea Agreement. Lopez-Iriarte did not seek a writ of certiorari with the Supreme Court within 90 days of the Eighth Circuit's decision. His conviction, therefore, became final upon the expiration of that 90-day period in May 2009.

Moreover, the Government states that even if Padilla could be applied retroactively to Lopez-Iriarte, he still fails to establish a claim because he was made aware through the parties' Plea Agreement that he might be subject to deportation. Specifically, the Plea Agreement states that "[t]he defendant has discussed with defense counsel and understands that nothing contained in this document is meant to limit the rights and authority of the United States of America to take any ... action against the defendant including ... deportation." (Plea Agreement, p. 5) In addition, the Government states that the Presentence Investigation Report ("PSR") informed all parties that "Immigration and Custom Enforcement (ICE), has been notified of the defendant's arrest and anticipate lodging a detainer." (PSR, ¶ 45)

The Eighth Circuit recently held, on similar facts, that "[w]e need not decide whether Padilla applies retroactively on collateral review because we hold that even if Padilla does apply retroactively, [the defendant] cannot satisfy Strickland's prejudice prong. Regardless of

whether Padilla is retroactive, a defendant cannot satisfy Strickland's prejudice prong when "the PSR indicated a likelihood that [the defendant] would be deported if convicted; [the defendant] confirmed that he had read the PSR, discussed it with his counsel, and understood it; and [the defendant] never moved to withdraw his guilty plea." Abraham v. United States, 699 F.3d 1050, 1053 (8th Cir. 2012) (quoting Correa-Gutierrez v. United States, 455 Fed.Appx. 722, 723 (8th Cir. 2012) (unpublished per curiam)).

For the foregoing reasons, Lopez-Iriarte fails to state a claim for habeas relief.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Luis Lopez-Iriarte's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Traverse [13] construed as a request to present additional evidence outside the record or for evidentiary hearing on the immigration issue is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion Requesting Extension of Time to Reply Government's Response [21], construed as a request to supplement his reply to the Government's response, is **GRANTED** in part and Petitioner's Reply to Government's Response (Doc. No. 21-1) is considered by the Court. To the extent Petitioner is requesting additional time, that request is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 27th day of March, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE